HENRY C. MOYE AND WIFE, FRANCES MOYE, v. NORTH CAROLINA JOINT-STOCK LAND BANK OF DURHAM, A CORPORATION, WILLIAM MOYE, AND JOHN W. HOLMES.

(Filed 10 April, 1935.)

1. **Vendor and Purchaser E c—Where purchaser does not establish valid, subsisting contract he may not attack vendor's subsequent contract to convey.**

   Where, in an action on a contract to convey lands, the jury finds that plaintiff purchaser had abandoned or canceled the contract sued on, a subsequent issue as to whether the vendor's subsequent contract with a third person to convey the same lands was entered into collusively in furtherance of a conspiracy to defeat plaintiff purchaser's right to specific performance, is rendered immaterial, since such issue determines only whether plaintiff is entitled to specific performance or is remitted to damages for breach of the contract, and the answer to the first issue determines that plaintiff has no rights under the contract sued on, and has no legal basis to demand cancellation of the second contract to convey.

2. **Same—Burden is on plaintiff purchaser to prove his vendor's subsequent contract to convey to third person was entered into collusively.**

   In a suit by the purchaser in a contract to convey lands against the vendor therein and a third person to whom the vendor subsequently contracted to convey the same lands, the burden is on plaintiff to prove that the second contract to convey was entered into through conspiracy and collusion to defeat plaintiff's right to specific performance, and where plaintiff's evidence is insufficient to sustain an affirmative answer to the issue, the court's peremptory instruction to answer the issue in defendant's favor is not erroneous.

APPEAL by plaintiffs from *Barnhill, J.,* at January Term, 1935, of PITT. Affirmed.

Three separate actions were consolidated for the purpose of trial, namely, (1) an action in summary ejectment instituted by William Moye against Henry Moye, and (2) an action to recover rents for the year 1934 instituted by William Moye against Henry Moye, and (3) an action instituted by Henry C. Moye and his wife, Frances Moye, against the North Carolina Joint-Stock Land Bank, William Moye, and J. W. Holmes, in which the plaintiffs allege that they, acting through J. W. Holmes, had contracted for a reconveyance from the defendant land bank of a farm which they had formerly owned, and which had been purchased by the bank under a foreclosure proceeding, and that said bank had breached said contract and refused to reconvey the land to them, and that these plaintiffs were entitled to a deed for said land by way of specific performance. These plaintiffs further allege that while the said bank may have contracted to convey the land to William Moye, that such contract of conveyance was not in good faith, but merely a subterfuge to make it appear that the title was in a third party, so that the plaintiffs could not have specific performance of their contract of sale and purchase, and that they are entitled to have such contract of sale by the land bank to William Moye, which is of record, canceled and set aside; or, in the event that William Moye took such contract of sale without notice of the rights and claims of the plaintiffs, and for that reason specific performance could not be had, that they, the plaintiffs, are entitled to recover the sum of $2,000 for the breach of their said contract. The defendants North Carolina Joint-Stock Land Bank and William Moye filed answers in which they averred that any contract of sale and purchase, which may have existed between said land bank and the plaintiffs Henry C. Moye and his wife, was canceled or abandoned by mutual consent of the parties. The defendant J. W. Holmes filed no answer.

From a judgment for the defendants North Carolina Joint-Stock Land Bank and William Moye to the effect that said plaintiffs were not entitled to specific performance of the contract of the sale and purchase, or to recover damages for the breach thereof, since said contract was canceled or abandoned by said plaintiffs, the plaintiffs Henry C. Moye and his wife, Frances Moye, appealed to the Supreme Court, assigning errors.

*S. J. Everett for plaintiffs, appellants.*
*J. B. James and J. S. Patterson for defendants, appellees.*

SCHENCK, J. These consolidated cases were first heard before Daniels, J., at the February Term, 1934, and answers were made to various

issues, all of which were set aside with the exception of two, and the case was retained that further issues might be answered at a subsequent term. The two issues and the answers thereto retained by Daniels, J., and brought forward as a part of this case on appeal, are as follows:

"1. Did the defendant North Carolina Joint-Stock Land Bank, under written contract, agree to sell the lands in question of Henry C. Moye to the defendant J. W. Holmes? Answer: 'Yes.'

"2. Did Mr. J. W. Holmes purchase from the defendant bank the property described in the complaint as the agent or trustee of Henry C. Moye? Answer: 'Yes.' "

To the action of Daniels, J., no objection or exception was noted.

Eight issues were submitted by Barnhill, J., at the January Term, 1935, and were answered, or left unanswered, as follows:

"1. Was the contract of purchase and sale between North Carolina Joint-Stock Land Bank and J. W. Holmes for Henry Moye canceled by mutual consent of the parties, or abandoned by the purchaser, as alleged? Answer: 'Yes.'

"2. If not, did the North Carolina Joint-Stock Land Bank breach said contract? Answer: ... ... ... .......

"3. What damage, if any, is Henry Moye entitled to recover on account of the breach of said contract? Answer: ... . .........

"4. Did Henry Moye rent or lease the land in controversy from William Moye for the year 1933, as alleged? Answer: 'No.'

"5. If so, did the said William Moye give the said Henry Moye due notice to vacate at the end of his said lease, as alleged? Answer: ... ... .....

"6. What amount, if any, is William Moye entitled to recover of Henry Moye for rent for said premises for the year 1933? Answer: ... ... .. .

"7. What was a fair and reasonable rental value for said land for the year 1934? Answer: '$425.00.'

"8. Did the North Carolina Joint-Stock Land Bank conspire and collude with William Moye to make a fictitious conveyance to the said William Moye of said premises for the purpose of defeating the rights of Henry Moye under the contract of purchase entered into by J. W. Holmes, as alleged? Answer: 'No.' "

The assignments of error assail the charge of the court to the effect that since the burden of proof on the eighth, and last, issue was upon the plaintiffs, and since there was not sufficient evidence to be submitted upon the affirmative thereof, that the jury should answer the eighth issue in the negative; and the admission and exclusion of certain evidence in the course of the trial.

We will address ourselves first to the assignments of error relating to the peremptory charge upon the eighth issue. The jury having answered the first issue in the affirmative, and thereby found that the

contract of sale and purchase between the land bank and the defendant Holmes for the plaintiff Henry Moye was either canceled or abandoned, it would seem to matter not whether the eighth issue was answered at all, since if the contract of sale and purchase was either canceled or abandoned there would be no "rights of Henry Moye under the contract of purchase entered into by J. W. Holmes" to be defeated by conspiracy and collusion, or otherwise.

The manifest purpose of the eighth issue was, in the event the first issue was answered in the negative, to determine whether the plaintiffs would recover the land or a monetary judgment. If the first issue had been answered in the negative and the eighth issue in the affirmative, the plaintiffs Henry Moye and wife would have been entitled to a decree canceling the contract of sale by the land bank to William Moye and directing the bank to make a deed to J. W. Holmes for the use and benefit of Henry Moye and his wife. If the first issue had been answered in the negative and the eighth issue in the negative, the plaintiffs Henry Moye and his wife would have been entitled to a judgment for the difference in the purchase price alleged to have been fixed in the contract of sale and purchase, $1,300, and the market value of the land, said difference being alleged as $2,000. However, since the first issue was answered in the affirmative, it became unnecessary to answer the eighth issue, and the more logical course to have been pursued would have been to have charged the jury that if they answered the first issue "No," they need not answer the eighth issue. If the contract of sale and purchase of the land was either canceled or abandoned, there were no rights left thereunder to be defeated.

There is no allegation or even suggestion that the canceling or abandonment of the contract of sale and purchase was procured by conspiracy and collusion. On the contrary, the plaintiffs deny that there was ever any such cancellation or abandonment. The only result of conspiracy and collusion alleged is the contract of sale by the land bank to William Moye, and since the jury has found that the contract of sale and purchase between the land bank and J. W. Holmes for Henry Moye was canceled by mutual consent of the parties or abandoned by the purchaser, the plaintiffs Henry Moye and wife have no legal basis upon which to rest a demand that the contract of sale by the land bank with William Moye be canceled, however it may have been obtained. The answering of the first issue against them puts Henry Moye and his wife out of the picture.

Albeit, it seems to us that the answering of the first issue in the affirmative rendered the answering of the eighth issue an act of supererogation, we have examined the record and agree with his Honor that

there was not sufficient evidence to be submitted to the jury upon the affirmative of the latter issue.

We have examined the objections and exceptions to the admission and exclusion of evidence in the course of the trial. Few, if any, of these relate to evidence addressed to the first issue, and we find no reversible error among them.

Affirmed.